UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07CR90 JCH |
| ) | (FRB) |
| MARCUS MISTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM, REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Defendant's Motion for Production of Informant
(Docket No. 61)

In his motion, the defendant requests that the government produce for a pretrial interview by defendant's counsel confidential informants who were present at and during some or all of the events alleged in the indictment. The government opposes the request. A hearing was held on the defendant's motion on December 1, 2008. No evidence or testimony was adduced by either party at the hearing; however counsel for both parties made oral argument in support of their respective positions.

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court recognized the government's privilege to maintain the confidentiality of an informant's identity. The Court went on to

note that the privilege was not absolute and must yield to other considerations in some circumstances.

> Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way . . . . [However], no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance [requires disclosure] must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Id. at 60-62.

The defendant bears the burden of demonstrating the need for disclosure. United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997); United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998). Mere speculation that the testimony of the informant is material to the accused's defense is not sufficient to overcome the privilege. United States v. Harrington, 951 F.2d 876 (8th Cir. 1991). Neither in his motion or in argument has the defendant asserted why it is necessary for him to know the identity of the informants or to require that they be produced for him to interview. He has not stated why their testimony is material to his defense. Furthermore, the government has stated that each of the informants will be called as a witness by the government at the trial of the

case.  The government has also stated that it will provide to the defendant on the Friday prior to the date of the trial the identities of the informants and information which may be used by the defendant to impeach the testimony of the informants, including criminal histories, copies of their statements, and any promises or consideration paid or inducement offered to the informants in exchange for their cooperation and testimony.  This obviates the need for disclosure of the informants' identities or of their production for interview.  United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987); United States v. Rodrequez, 859 F.2d 1321, 1326 (8th Cir. 1988), cert. denied, 489 U.S. 1058 (1989); United States v. Perkins, 994 F.2d 1184, 1190-91 (6th Cir. 1993).

As to the defendant's request that the government be required to produce the informants for a pretrial interview by defendant, the cases cited by the defendant do not support the proposition that the prosecution is required to produce for pretrial interview by the defendant, informants that the government intends to call as witnesses at trial.  This Court is unaware of any authority in support of such proposition.  None has been submitted by the defendant and the Court's own research has yielded none.

Therefore,

**IT IS HEREBY RECOMMENDED** that the defendant's Motion for Production of Informant (Docket No. 61) be denied.

The parties are advised that any written objections to this Memorandum, Report and Recommendation shall be filed not later than **January 10, 2009.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                              */s/ Frederick R. Buckles*
                                        UNITED STATES MAGISTRATE JUDGE

Dated this  _31st_  day of December, 2008.